IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MICHAEL ANGELL, | ) |
| Plaintiff, | ) |
| v. | ) JURY TRIAL DEMANDED |
| JOE KILOWATT INC., | ) Case No. |
| Registered Agent | ) |
| Joseph Clevenger | ) |
| 6506 Royal St | ) |
| Pleasant Valley, MO 64068 | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff Michael Angell ("Plaintiff") and for his Complaint against Defendant Joe Kilowatt Inc. ("Defendant"), as a result of Defendant's unlawful employment practices, states and alleges as follows:

## PARTIES

1. Plaintiff is a resident of the State of Missouri and the United States. At all relevant times herein, Plaintiff was employed by Defendant as an electrician.

2. Defendant is corporation organized under the laws of the State of Missouri which, at all times relevant herein, has done business in the State of Missouri and been authorized to do so. Defendant is an "employer" within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 203. At all relevant times herein, Defendant engaged in "interstate commerce" within the meaning of the FLSA Section 203, and at all relevant times herein Defendant had gross operating revenues in excess of $500,000.00.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this cause of action pursuant to 28 U.S.C. Section 1331.

4. The United States District Court for the Western District of Missouri has personal jurisdiction over Defendant inasmuch as Defendant conducts business within this District.

5. The unlawful employment practices alleged herein were committed within this jurisdiction.

6. Venue is properly laid in this Court pursuant to 28 U.S.C. Section 1391(b), inasmuch as Defendant has offices, conducts business, and/or can be found in the Western District of Missouri, and the cause of action set forth herein has arisen and occurred in substantial part in this District. Venue is also properly laid in this Court pursuant to 29 U.S.C. Section 1132(e)(2) because Defendant has substantial business contacts within the State of Missouri.

## FACTS

7. Plaintiff was employed by Defendant as an electrician from November 2014 until the unlawful termination of his employment on April 16, 2018.

8. Throughout the period of Plaintiff's employment with Defendant, Plaintiff and others were required to return to return from the job site to which each was last assigned each day to Defendant's principle place of business. Beginning in January 2017, Plaintiff began to make complaints to Defendant's agents Joe Clevenger and Megan Berger that he and others were not properly compensated for travel time required as part of Defendant's instruction to return from the job site to which he was last assigned each day to Defendant's principle place of business. Later Plaintiff made inquiries to the United States Department of Labor regarding

Defendant's refusal to compensate Plaintiff and others for time spent in travel as part of their principal activities.

9. Time spent by an employee in travel as part of his principal activity, including returning to an employer's premises at the end of each work day if required by an employer, must be counted as hours worked and is therefore compensable. 29 C.F.R. § 785.38.

10. Defendant refused to compensate Plaintiff and others for time spent in travel as part of their principal activities.

11. At a company-wide meeting on April 16, 2018, Defendant's President Joe Clevenger announced that an auditor from the United States Department of Labor would be present at Defendant's premises in the next several days for the purpose of an investigation into the manner in which Defendant's employees were compensated. At the meeting Clevenger explained that Defendant's employees would be required to participate in employee interviews, adding that "I don't know what he's going to ask. I don't really give a fuck."

12. Immediately after the company-wide meeting on April 16, 2018, Clevenger asked Plaintiff to speak with him privately in his office. Clevenger then terminated Plaintiff's employment with Defendant effective immediately. He explained "I can't deal with this time crap anymore. This time sheet issue. It's every day. It's like you leave at 2 and you write down 3:30 and everyone else follows the rule." Plaintiff then left the premises immediately.

## COUNT I – FLSA RETALIATION

13. Plaintiff hereby incorporates each preceding paragraph as though fully set forth herein.

14. At all relevant times, Defendant has been and continues to be an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of 29 U.S.C. Section 203.

15. Plaintiff engaged in a protected activity under 29 U.S.C. Section 215(a)(3) by making complaints to Defendant about its failure to properly compensate him for all hours he actually worked, including for travel time from job sites to which he was assigned to Defendant's principal place of business at the end of each day as required by Defendant.

16. Defendant terminated Plaintiff's employment because he made complaints about Defendant's failure to properly compensate him for all hours he actually worked in violation of 29 U.S.C. Section 215(a)(3).

17. Plaintiff seeks damages in the amount of all lost wages, plus liquidated damages, as provided by 29 U.S.C. Section 216(b).

18. The actions and conduct set forth herein were done with malice or reckless indifference to the rights of Plaintiff and entitle him to an award of punitive damages to punish Defendant and deter others from similar conduct.

19. Plaintiff also seeks recovery of all attorneys' fees, costs, and expenses of this action as provided by 29 U.S.C. Section 216(b), pre-judgment and post-judgment interest, and such other legal and equitable relief that this Court deems just and proper.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of his Complaint, for a finding that he has been subjected to unlawful retaliation prohibited by 29 U.S.C. Section 216(b), and for an award of: (1) compensatory damages; (2) liquidated damages; (3) punitive damages; (4) front pay in lieu of reinstatement; (5) his attorneys' fees and costs; (6) prejudgment and post-judgment interest as provided by law; and (6) such other relief the Court deems fair and equitable.

## COUNT II –VIOLATION OF THE FLSA

20. Plaintiff hereby incorporates each preceding paragraph as though fully set forth herein.

21. At all relevant times, Defendant has been and continues to be an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of 29 U.S.C. Section 203.

22. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees, such as Plaintiff, for all hours worked at an hourly rate of pay and to compensate all non-exempt employees, such as Plaintiff, at a rate of pay not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

23. Defendant failed to pay Plaintiff for all hours he worked, including failing to pay Plaintiff for the overtime he worked in violation of the FLSA, 29 U.S.C. Section 201, *et seq*.

24. Plaintiff seeks damages in the amount of all respective unpaid straight time for unpaid hours worked and all unpaid overtime compensation for all hours worked in excess of forty hours per week, plus liquidated damages, as provided by 29 U.S.C. Section 216(b).

25. Plaintiff also seeks recovery of all attorneys' fees, costs, and expenses of this action as provided by 29 U.S.C. Section 216(b), pre-judgment and post-judgment interest, and such other legal and equitable relief that this Court deems just and proper.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count II of his Complaint, for a finding that he has been denied compensation for all hours he actually worked, including overtime compensation and for an award of: (1) compensatory damages; (2) liquidated damages; (3) his attorneys' fees and costs; (4) prejudgment and post-judgment interest as provided by law; and (5) such other relief the Court deems fair and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to trial by jury.

Respectfully submitted,



/s/ Lewis M. Galloway
Lewis Galloway    Missouri Bar No. 52417
1600 Genessee St, Suite 918
Kansas City, MO 64102
Phone: (816) 442-7002
Fax:    (816) 326-0820
lewis@lglawllc.com

ATTORNEY FOR PLAINTIFF